IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILIP AL-DAIIA,

    Petitioner,

v.                                     No. 1:26-cv-01378-KG-JHR

MARY DE ANDA-YBARRA, et al.,

    Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Filip Al-Daiia's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 6. Because Petitioner presents a purely legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and grants his petition for the reasons below.

## I.    *Background*

Petitioner, a native and citizen of Russia, entered the United States at the San Ysidro Port of Entry in 2022. Doc. 1 at 57. Petitioner applied for asylum, withholding of removal, and protection against the Convention Against Torture ("CAT"). Doc. 1 at 14. The Department of Homeland Security ("DHS") subsequently issued a Notice to Appear, charging Petitioner as inadmissible and initiating removal proceedings against him. Doc. 1 at 13.

In February 2024, Immigration and Customs Enforcement ("ICE") took Petitioner into custody and transferred him to Torrance County Detention Facility in Estancia, New Mexico. *Id.* at 1; Doc. 6 at 3. On August 8, 2025, an immigration judge denied Petitioner's application for asylum, withholding of removal, and protection under CAT, and ordered him removed. Doc. 1 at 13, 27. Petitioner has appealed that decision, and that appeal is pending with the Board of Immigration Appeals ("BIA"). *Id.* at 30.

Petitioner argues that his detention violates the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. *See* Doc. 1 at 6. He seeks immediate release. *Id*. at 7. The Government opposes the petition. *See* Doc. 6.

## II.    *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    *Analysis*

The Court concludes that (A) Petitioner's detention violates the INA, (B) Petitioner's detention violates the Due Process Clause of the Fifth Amendment, and (C) release is warranted.

### A.    *Petitioner's detention violates the INA.*

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). First, 8 U.S.C. § 1225 governs noncitizens detained at a port of entry or shortly after entry, who are treated as "[noncitizens] seeking admission into the country." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020). Absent exceptions irrelevant here, § 1225 "mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.). This regime includes noncitizens who express a fear of persecution during expedited removal and "shall be detained" while their credible-fear claims are adjudicated. *See* 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).

By contrast, 8 U.S.C. § 1226(a) sets forth "the default rule" for detaining noncitizens "already in the country." *Jennings*, 583 U.S. at 303. Section § 1226(a) authorizes the arrest and detention of noncitizens, "on a warrant issued by the Attorney General...pending a decision on

2

whether [they are] to be removed." Under federal regulations, a noncitizen detained under

§ 1226(a) is entitled to an individualized bond hearing at the "outset of detention." *Jennings*, 583

U.S. at 306.

Consistent with the overwhelming majority of district courts to consider the issue, the Court

concludes that § 1226(a) governs here.[1] *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13

(S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed

in at least 350 of them, in decisions by over 160 judges across 50 courts). Petitioner entered the

United States in 2022. Doc. 1 at 20. DHS charged him as inadmissible and placed him in full

removal proceedings. *See id.* An immigration judge has ordered Petitioner removed, but that order

is not administratively final while his appeal remains pending. Doc. 1 at 30; *see* 8 C.F.R. §

1241.1(a)–(b) (a removal order becomes administratively final upon the earlier of the noncitizen's

waiver of the right to appeal, or the expiration of the time to appeal if no appeal is filed). Petitioner

is therefore a noncitizen detained "pending a decision on whether [he is] to be removed," and his

detention is governed by § 1226(a). *See Jennings*, 583 U.S. at 303 (2018).

Moreover, this Court's prior decisions control. The Government concedes that the material

facts here are similar to those in *Patel v. Noem*, 2026 WL 103163 (D.N.M.), where the Court

concluded that § 1226 governs. Doc. 6 at 2. The Court has reached the same conclusion in

numerous similar cases. *See, e.g.*, *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *3

(D.N.M.); *Arroyo Lopez v. Noem*, 2026 WL 776332, at *3 (D.N.M.); *Aguilar v. Lyons*, 2026 WL

851237, at *2 (D.N.M.). Because the Government offers no new basis for Petitioner's continued

detention, Petitioner is entitled to relief.

---

[1] There is currently a circuit split on this issue. The Second Circuit has held that individuals like Petitioner are entitled to a bond hearing under § 1226(a). *See Cunha v. Freden*, --- F.4th ----, 2026 WL 1146044 (2d Cir. 2026). The Fifth and Eighth Circuits have reached the opposite conclusion. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). The Tenth Circuit has not yet addressed the question.

**B.      *Petitioner's detention violates the Due Process Clause.***

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."  *Zadvydas*, 533 U.S. at 690.  "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693.  The Government's power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons."  *Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly.").  Given the Government's conduct here, Petitioner "is entitled—as a right—to an individualized bond hearing." *Cortez-Gonzalez v. Noem*, 2025 WL 3485771, at *5 (D.N.M.).  Petitioner's continued detention without such review "constitutes an ongoing violation of [his] right to due process."  *Id.*

**C.      *The proper remedy is release.***

The Court next turns to the appropriate remedy.  Federal courts are authorized under § 2243 to "dispose of [a habeas petition] as law and justice require" and thus possess broad discretion to fashion appropriate relief.  *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012); *see also Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "possesses power to grant *any form of relief necessary* to satisfy the requirement of justice") (emphasis in original).  Given the Government's conduct here, release is warranted.  *See Singh v. Carnes*, 2026 WL 446579, at *1 (D.N.M.) (ordering release where the Government "failed to articulate a legitimate interest in Petitioner's continued detention"); *Palomeque-Carrion v. Bondi*, 2026 WL 895567, at *2 (D.N.M.) (same).

4

*IV.*     ***Conclusion***

For the reasons above, the Court orders that:

1.  The Petition for Writ of Habeas Corpus, Doc. 1, is granted.  The Government shall release Petitioner within 24 hours of this Order.  The Government shall not impose any new conditions of release beyond those in place prior to Petitioner's detention.

2.  The Government is enjoined from redetaining Petitioner under § 1226(a) absent a predetention hearing before a neutral immigration judge at which the Government must establish, by clear and convincing evidence, that Petitioner poses a danger or flight risk.[2]

3.  The Government shall file a status report within 10 business days of this Order certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.

---

[2] This Order does not affect the Government's authority to redetain Petitioner under the mandatory detention provision of 8 U.S.C. § 1231 if his order of removal becomes administratively final.